STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. JOHN R. O'HANLON, RESPONDENT.

587 N.W. 2d 700

Filed January 8, 1999.   No. S-98-1267.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

PER CURIAM.

Respondent, John R. O'Hanlon, was admitted to the practice of law in the State of Nebraska on February 28, 1972.

Based on information received by the Counsel for Discipline, a preliminary review of respondent's trust account records was

commenced by the Counsel for Discipline on September 22, 1998. Based on the review of respondent's trust account records by the Counsel for Discipline, respondent was notified on November 6 that he was under investigation. As of November 6, the investigation centered on respondent's handling of four estates: the Larry Kuhr estate, the George Campbell estate, the Katherine Rathjen estate, and the Ruth M. Blanchard estate. The notice of investigation to respondent stated that it was alleged that respondent used client funds for unintended purposes, that the balances in respondent's trust accounts fell below the amounts which should have been in the accounts representing client funds, and that respondent commingled personal funds with client funds.

On December 3, 1998, respondent filed a "Voluntary Surrender of License" to practice law. Therein, respondent admits that a disciplinary complaint was filed against him on November 6. Respondent further states that for purposes of his voluntary surrender of license, he does not desire to contest the allegations surrounding the Rathjen estate, which allegations state that on February 18, 1998, $25,722.98 was deposited into respondent's Washington County Bank attorney trust account on behalf of the Rathjen estate, and that by March 31, the account balance was $5,278.27, even though no funds had been paid out of the account on behalf of said estate.

Respondent admits that his conduct violated his oath of office as an attorney and Canon 1, DR 1-102(A)(1) and (6), and Canon 9, DR 9-102(A)(1) and (2), of the Code of Professional Responsibility. Respondent has freely and voluntarily consented to the entry of an order of disbarment and waived his right to notice, appearance, or hearing prior to entry of such an order.

The court hereby accepts respondent's surrender of his license to practice law and orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with Neb. Ct. R. of Discipline 16 (rev. 1996), and upon failure to do so, he shall be subject to punishment for contempt of this court.

JUDGMENT OF DISBARMENT.

MILLER-LERMAN, J., not participating.